**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MYRNA ENRIQUEZ, ) | Case No. 2:17-cv-01010-APG-NJK |
| Plaintiff(s), ) | |
| ) | ORDER |
| v. ) | |
| ) | (Docket No. 21) |
| WAL-MART STORES, INC., ) | |
| ) | |
| Defendant(s). ) | |

    Pending before the Court is a renewed stipulation to extend the rebuttal expert deadline, discovery cutoff, and subsequent deadlines by 60 days. Docket No. 19. The initial discovery cutoff was set for October 4, 2017. Docket No. 8. The Court has already granted a 60-day extension, resetting the discovery cutoff for December 4, 2017. Docket No. 15. All requests to extend the deadlines set by the scheduling order must be supported by a showing of good cause. *See, e.g.*, Local Rule 26-4. Good cause exists if the subject deadline "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 409 (9th Cir. 2000).[1] The instant stipulation provides two reasons for the requested extension, neither of which satisfies this standard.

---

[1] The fact that a request to extend is presented as a stipulation rather than as a motion does not obviate the need to meet the applicable standard. *See, e.g.*, Fed. R. Civ. P. 29(b) (stipulations impacting the discovery cutoff require Court approval).

## I. WAL-MART'S BLACKOUT PERIOD

The first reason provided in the stipulation is that Wal-Mart prefers not to have its employees deposed during the holiday season, has a self-imposed deposition "blackout period" lasting roughly two months, and does not want to move forward with the noticed Rule 30(b)(6) deposition during this period. *See* Docket No. 21 at 3; *see also* Docket No. 20 at 1. The Court has already explained that such a preference, standing alone, is not sufficient to delay discovery. *See* Docket No. 20 at 1 (citing, *inter alia*, *Morgan v. Wal-Mart Stores, Inc.*, Case No. 2:17-cv-02269-RFB-NJK, Docket No. 11 at 1 n.1 (D. Nev. Sept. 7, 2017)). Instead, to determine whether to extend discovery in this case again so that Wal-Mart can avoid depositions during its blackout period, the Court ordered the parties to submit a variety of information, including: (1) the Rule 30(b)(6) deponent's position at Wal-Mart; (2) whether other officers or employees can "cover" for the deponent during a short absence; (3) whether the deposition can occur outside normal business hours; and (4) whether Wal-Mart informed opposing counsel earlier in this case of its preference to avoid depositions during this period so that such depositions could have been conducted earlier. Docket No. 20 at 2.

The pending stipulation fails to provide sufficient information to show good cause for the requested extension. The stipulation does not identify the position of Wal-Mart's Rule 30(b)(6) deponent and does not explain whether his or her duties can be covered by others during deposition preparation and the deposition itself. Without such basic information, the Court cannot even discern whether there is a real need to avoid a deposition during this period. Similarly, the stipulation does not explain why the deposition cannot occur outside normal business hours so that Wal-Mart's business interests can be accommodated without delaying discovery. Instead, the deposition merely states that this is a possibility that Wal-Mart's counsel is investigating. *See* Docket No. 21 at 3. Lastly, and significantly, it appears that Wal-Mart did not inform opposing counsel of its blackout period until after the deposition was noticed. *See* Docket No. 21 at 3.[2] To the extent Wal-Mart wanted to avoid

---

[2] The stipulation does not actually state when opposing counsel was notified of Wal-Mart's blackout period, and instead states that Wal-Mart was not provided the notice of deposition until after the blackout period had already begun. *See* Docket No. 21 at 3. Given that the Court specifically ordered that any renewed stipulation must identify whether Wal-Mart's scheduling preference was conveyed to opposing

2

1 depositions during a two-month long period, it should have notified opposing counsel of that fact as
2 soon as it was clear that the blackout period coincided with any portion of the discovery period in this
3 case. The stipulation fails to explain why that was not conveyed when counsel stipulated nearly four
4 months ago to extend the discovery cutoff to December 4, 2017. *See* Docket No. 15.[3] Presumably the
5 current scheduling issue could have been avoided had Wal-Mart alerted opposing counsel months ago
6 of its scheduling preferences.

In short, the stipulation fails to show that Wal-Mart's preference to avoid depositions for a two-month period during the holiday season is good cause for the extension sought in this case.

## II. SETTLEMENT DISCUSSIONS

The stipulation also indicates that a 60-day extension is appropriate because the parties are currently engaged in informal settlement discussions and may engage in private mediation if the case does not settle before the close of discovery. Docket No. 21 at 3. This reason does not suffice for an additional extension of discovery. First, whether the parties may engage in mediation after the close of discovery is not pertinent to whether discovery should be extended. Second, while the parties indicate that additional discovery is germane to settlement discussions, the stipulation fails to explain why that is good cause for an extension to the discovery deadlines. That the parties wish to complete additional discovery to facilitate settlement has no bearing on whether the discovery deadlines should be extended. At any rate, the parties have had months to engage in discovery and settlement discussions, and the stipulation fails to provide a sufficient basis that discovery should be extended by 60 days at this late juncture based on the existence of settlement discussions.

---

counsel earlier in the case, Docket No. 20 at 2, the Court assumes from the omission of such information that it was not.

[3] It is also unclear why the Court was not informed in the previous stipulation extending the discovery cutoff to December 4, 2017, that Wal-Mart intended a portion of that discovery period to not apply to depositions. *See* Docket No. 15.

## III. CONCLUSION

For the reasons discussed above, the stipulation to extend deadlines by 60-days is not supported by good cause and is therefore **DENIED**. As a one-time courtesy to the parties, the Court will provide a 14-day extension and **SETS** deadlines as follows:

- Rebuttal expert disclosures: December 1, 2017;
- Discovery cutoff: December 18, 2017;
- Dispositive motions: January 17, 2018; and
- Joint proposed pretrial order: February 16, 2018, or 30 days after decision on dispositive motions.

<u>The parties are advised to use the remaining time in the discovery period wisely, as the Court is not inclined to grant any further extensions.</u>

IT IS SO ORDERED.

DATED: November 20, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge